**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

IN RE:

ROBERT B. ELLIS

Case No.: 18-50110-KKS
Chapter 13

---

**MOTION OF CREDITORS, W. FRANKLIN ELLIS AND
FRANCES W. SCHWEMMER, TO DISMISS CHAPTER 13
CASE PURSUANT TO 11 U.S.C. SECTION 1307(c) and (e)**

---

Creditors, W. Franklin Ellis and Frances W. Schwemmer, by and through their

undersigned counsel, hereby file this Motion to Dismiss Debtor's pending chapter 13

case, for cause, pursuant to sections 1307(c) and (e) of the Bankruptcy Code, and as

basis therefor do state:

**<u>Background</u>**

1.      Debtor, Robert B. Ellis, commenced this chapter 13 case by the filing of a

voluntary petition on April 4, 2018.

2.      Creditors, W. Franklin Ellis and Frances W. Schwemmer, ("Creditors")

hold a note and second mortgage secured by the Debtor's principal residence located at

280 Somerset Bridge Road, Santa Rosa Beach, Florida.

3.    Prior to the Debtor filing the voluntary petition commencing this chapter 13 case, Creditors filed a mortgage foreclosure action in the Circuit Court in and for Walton County, Florida.

4.    On March 29, 2018, the State Court entered its Corrective Final Judgment in the amount of $141,715.85 setting a foreclosure sale for April 5, 2018.

5.    On April 4, 2018, the day prior to the date of the foreclosure sale, the Debtor filed his voluntary petition initiating this case.

6.    On April 4, 2018, the Debtor filed his Chapter 13 Plan (Doc.2).

7.    The Chapter 13 Plan proposes that the Debtor will pay the sum $1,225.00 per month for 60 months for a total plan base of $73,500.00. The plan does not propose that any additional funds will be paid into the plan.

8.    Priority or secured claims have been filed by governmental authorities in the following amounts, totaling $43,363.06:

    (a)    Mississippi Department of Revenue-$121.12

    (b)    Internal Revenue Service-$16,642.26

    (c)    State of Florida Child Support Enforcement-$26,599.68

9.    The plan does not propose that the Debtor will make any mortgage

payments on the second mortgage owed to Creditors Ellis and Schwemmer, but rather, proposes that the full amount of the claim will be paid by the Trustee through the plan.

10.    The plan is not feasible as it proposes to pay priority and secured creditors in the amount of $185,078.91 notwithstanding the fact that the plan base is only $73,500.00.

11.    The Chapter 13 Trustee has filed an Objection to Confirmation of the Plan (Doc. 37) setting forth that the Debtor is delinquent in payments having failed to pay the September 2018 plan payment.

12.    The Trustee's objection also sets forth that the Trustee has not been provided with the filed certification from the Debtor that all applicable federal, state and local tax returns have been filed and served on the Chapter 13 Trustee.

13.    The Trustee's objection also sets forth that the Debtor has not served the Trustee with the certification stating that the Debtor is current with domestic support obligations.

## Bases for Dismissal Under Section 1307(c)

14.    Section 1307(c) of the Bankruptcy Code sets forth nonexclusive bases for cause for dismissal of a chapter 13 case including:

(1)    unreasonable delay by the debtor that is prejudicial to creditors;

(4)    failure to commence making timely payments under section 1326 of this title;

(11)    failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

15.    The confirmation hearing on the Debtor's Chapter 13 plan was originally set for August 7, 2018 and was continued and reset for September 27, 2018.

16.    Debtor's attorney appeared at the September 27, 2018 confirmation hearing and advised the Court that the plan could not confirmed and requested a second continuance of the confirmation hearing.

17.    This case should be dismissed for cause.

18.    The Debtor has not made any payments to Creditors, Ellis and Schwemmer, on the mortgage they hold on the Debtor's residence since the commencement of the case in April 2018. In fact, no payments have been made on the mortgage since 2013 when the mortgage first went into default.

19.    The failure of the Debtor to propose a feasible or confirmable plan has resulted in unreasonable delay that is prejudicial to creditors, including creditors, Ellis and Schwemmer.

20.    Debtor has failed to pay his domestic support obligations which have

become payable after the date of the filing of the petition and has failed to provide a certification of payment to the Trustee.

21.     An additional basis for cause exists due to the Debtor's delinquency in payments to the chapter 13 trustee.

22.     Additional cause exists based on the fact the plan is not feasible and the Debtor is unable to amend the plan to provide for payment of all debts which would be required to be paid through the plan.

### Basis for dismissal under section 1307(e)

23.     Section 1307(e) of the Bankruptcy Code provides "[u]pon the failure of the debtor to file a tax return under section 1308, on request of a party of interest or the United States Trustee and after notice and a hearing, the court shall dismiss a case or convert a case under this chapter to a case under chapter 7 of this title, whichever is in the best interest of the creditors and the estate."

24.     Section 1308 requires the Debtor to file all tax returns required under non-bankruptcy law for all taxable periods ending during the four-year period ending on the date of the filing of the petition.

25.     The Debtor has failed to provide the Chapter 13 Trustee with the required

certification that he has filed all required federal, state and local tax returns.

WHEREFORE based on the above, Creditors, W. Franklin Ellis and Frances W. Schwemmer, request the Court to Dismiss Debtor's Chapter 13 case.

J. STEVEN FORD, ESQUIRE
Florida Bar Number 512869
Wilson, Harrell, Farrington, Ford,
Wilson, Spain, & Parsons, P.A.
Post Office Drawer 13430
307 South Palafox Street
Pensacola, Florida 32502
Telephone: (850) 438-1111
Facsimile: (850) 432-8500
jsf@whsf-law.com

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a true and correct copy of the foregoing was sent to Leigh D. Hart and William J. Miller, Esquire and Debtor's attorney Charles M. Wynn and all Creditors appearing on the mailing matrix via EM/ECF electronic mailing or U.S. Mail on this the 4th day of October, 2018.

J. Steven Ford

Label Matrix for local noticing
1129-5
Case 18-50110-KKS
Northern District of Florida
Panama City
Thu Oct  4 12:05:38 EDT 2018

Barron & Redding, P.A.
220 McKenzie Ave.
Panama City, FL 32401-3145

Community Bank
c/o Nicholas A. Beninate, Esq.
PO Drawer 1579
Panama City, FL 32402-1579

United States Trustee
110 E. Park Avenue
 Suite 128
Tallahassee, FL 32301-7728

Abbie B. Ellis
103 Tournament Lane
Freeport, FL 32439-6243

Adkinson Law Firm, LLC
P.O. Box 1207
Defuniak Springs, FL 32435-1207

(p)AMERICAN HONDA FINANCE
P O BOX 168088
IRVING TX 75016-8088

Attorney Richard Ogburn
2691 Chapman Drive
Panama City, FL 32405-4918

Barron & Redding, P.A.
P.O. Box 2467
Panama City, FL 32402-2467

Barron & Redding, P.A.
c/o Roland W. Kiehn, Esq.
220 McKenzie Ave.
Panama City, FL 32401-3145

Burg Law Firm, P.A.
22623 Panama City Beach Pkwy, Ste 5
Panama City Beach, FL 32413-5127

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130-0285

Commty Bk Ms
Pob 59
Forest, MS 39074-0059

Community Bank
323 East Third St.
Forest, MS 39074-4219

Community Bank
c/o Nicholas A. Beninate, Esq.
P O Drawer 1579
Panama City, FL 32402-1579

Department of Revenue
State of Mississippi
P.O. Box 23075
Jackson, MS 39225-3075

Discover Bank
Discover Products Inc
PO Box 3025
New Albany, OH  43054-3025

Discover Financial
Po Box 3025
New Albany, OH 43054-3025

ERC/Enhanced Recovery Corp
Attn: Bankruptcy
8014 Bayberry Rd
Jacksonville, FL 32256-7412

Florida Department of Revenue
Child Support Program
5050 W Tennessee St., Bldg L
Tallahassee, FL 32399-0195

Green & Green
P.O. Box 609
Defuniak Springs, FL 32435-0609

Harrison Sale McCloy
35008 Emerald Coast Pkwy Fifth Floor
Destin, FL 32541-4753

Internal Revenue Centralized Insolvency
P.O. Box 7346
Philadelphia, PA 19101-7346

MISSISSIPPI DEPARTMENT OF REVENUE
BANKRUPTCY SECTION
P. O. BOX 22808
JACKSON, MS 39225-2808

Maurice E. Tidwell
7217 Kingston Road
Fairview, TN 37062-2816

Somerset Bridge Homes Corporation
c/o Association Management Services
2441 US Hwy 98 W, Ste 101
Santa Rosa Beach, FL 32459-5386

State of Florida - Child Support Enforcement
Post Office Box 6668
Tallahassee, FL 32314-6668

Tipton, Marler, Garner & Chastain
PO Box 1100
Panama City, FL 32402-1100

USAA SAVINGS BANK
C O WEINSTEIN & RILEY, PS
2001 WESTERN AVENUE, STE 400
SEATTLE, WA 98121-3132

Usaa Savings Bank
Po Box 47504
San Antonio, TX 78265

W. Frank Ellis and Frances W. Schwemmer
307 South Palafox St
Pensacola, FL 32502-5929

W. Franklin Ellis & Frances W. Schwemmer
710 Hollybriar Lane
Naples, FL 34108-8264

W. Franklin Ellis and
Frances W. Schwemmer
c/o J. Steven Ford, Esq.
PO Drawer 13430
Pensacola, FL 32591-3430

Charles M. Wynn
Charles M. Wynn Law Offices, P.A.
P.O. Box 146
Marianna, FL 32447-0146

Leigh D. Hart
P.O. Box 646
Tallahassee, FL 32302-0646

Robert B. Ellis
P.O. Box 611278
Rosemary Beach, FL 32461-1002

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

American Honda Finance
Attn: Bankruptcy
Po Box 168088
Irving, TX 75016

(d)American Honda Finance Corporation
National Bankruptcy Center
P.O. Box 168088
Irving, TX 75016-8088

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Frances W Schwemmer
307  S. Palafox st
Pensacola

(u)W. Frank Ellis
307  S. Palafox st
Pensacola

End of Label Matrix
Mailable recipients    35
Bypassed recipients     2
Total                  37