## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

IN RE:                                          CASE NO.: 18-50110-KKS
                                                CHAPTER 13

ROBERT B. ELLIS

_____Debtor._____/

## CHAPTER 13 TRUSTEE'S MOTION TO DISMISS

### NOTICE OF OPPORTUNITY TO
### OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-2, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within twenty-one (21) days from the date set forth on the proof of service plus an additional three (3) days for service if any party was served by U.S. Mail, or such other period as may be specified in Fed. R. Bankr. P. 9006(f).

If you object to the relief requested in this paper, you must file an objection or response electronically with the Clerk of the Court or by mail at 110 E. Park Avenue, Suite 100, Tallahassee, FL 32301, and serve a copy on the Chapter 13 Trustee, Leigh D. Hart, at Post Office Box 646, Tallahassee, FL 32302, and any other appropriate person within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

**COMES NOW**, LEIGH D. HART, Chapter 13 Trustee, by and through her undersigned attorneys, and hereby files this Motion to Dismiss, and in support thereof states as follows:

1.    The Debtor(s) filed this Chapter 13 case on April 4, 2018.

2.    The Debtor(s) has failed to address the Chapter 13 Trustee's Objection(s) to Confirmation (see attached copy of Objection(s) to Confirmation).  Therefore, the Debtor(s) has failed to propose a Plan that can be confirmed.

3.    The Debtor(s) should have paid a total of $7,350.00 to the Trustee; however, the Debtor(s) has only paid $4,900.00 to the Trustee. Therefore, the Debtor(s) is delinquent as evidenced by a copy of the receipts attached.

**WHEREFORE**, the Chapter 13 Trustee prays that this case be dismissed and for such other and further relief as the Court may deem appropriate.

**RESPECTFULLY SUBMITTED**.

/s/Leigh D. Hart or
/s/William J. Miller, Jr.
   OFFICE OF CHAPTER 13 TRUSTEE
   POST OFFICE BOX 646
   TALLAHASSEE, FL 32302
   ldhecf@earthlink.net
   (850) 681-2734 "Telephone"
   (850) 681-3920 "Facsimile"

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing

has been furnished by the court's current CM/ECF notice of electronic filing

or first class mail to:

ROBERT B. ELLIS
P.O. BOX 611278
ROSEMARY BEACH, FL 32461

CHARLES M. WYNN, ATTY.
P.O. BOX 146
MARIANNA, FL 32447

on the same date as reflected on the Court's docket as the electronic filing date

for this document.

/s/Leigh D. Hart or
/s/William J. Miller, Jr.
   OFFICE OF CHAPTER 13 TRUSTEE

October 8, 2018

**EXHIBIT**
IF BLANK, THERE ARE NO RECEIPTS

Receipts Paid:

| DATE | | AMOUNT |
|------|------|--------|
| May 21, 2018 | C.CK | $1,225.00 |
| Jul 02, 2018 | C.CK | $1,225.00 |
| Jul 20, 2018 | C.CK | $1,225.00 |
| Aug 27, 2018 | C.CK | $1,225.00 |
| | TOTAL AMOUNT PAID: | **4,900.00** |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

IN RE:                                               CASE NO.: 18-50110-KKS
                                                     CHAPTER 13

ROBERT B. ELLIS


_____Debtor_____/


CHAPTER 13 TRUSTEE'S
OBJECTION(S) TO CONFIRMATION OF
CHAPTER 13 PLAN

COMES NOW, LEIGH D. HART, Chapter 13 Trustee, by and through her

undersigned attorneys, and hereby objects to confirmation of Debtor(s)' Chapter 13

Plan (Doc. 2) for the following reasons:

1.     The Plan base is not sufficient to pay all allowed secured, priority and

administrative claims.

2.     Due to possible income fluctuation(s), the distribution to unsecured

creditors may increase, and unsecured creditors are entitled to receive six percent

(6%) interest to the extent funds are available. The proposed Plan does not provide

for same. Further, it appears that Part 5.1 of the Plan is incomplete.

3.     The Debtor(s) is delinquent in payments to the Chapter 13 Trustee due

to failure to submit the September 2018 Plan payment.

4.      There is a discrepancy between the amount proposed to be paid through the Plan ($10,000.00) and the amount of the priority portion of the Proof of Claim filed by the Internal Revenue Service ($16,642.26). Further, the Proof of Claim reflects the 2017 United States Income Tax Returns has not been filed with the Internal Revenue Service.

5.      The Plan proposes to pay a priority claim to the Department of Revenue in the amount of $119.08. A Proof of Claim was filed by Mississippi Department of Revenue with a secured claim of $121.12. It is unclear as whether these claims are one in the same.

6.      There is a discrepancy between the amount proposed to be paid through the Plan ($142,000.00) and the amount of the claim filed by W. Franklin Ellis & Frances W. Schwemmer ($141,826.49).

7.      There is a discrepancy between the amount proposed to be paid through the Plan ($21,399.68) and the amount of the claim filed by State of Florida - Child Support Enforcement ($26,599.68).

8.      The Debtor(s) proposes to avoid the lien of Walton County Clerk of Court. The Trustee has not been provided with a copy of a filed Motion to Avoid Lien.

9.      The Debtor(s)' Schedules reflect a claim secured by a lien on the Debtor(s)' residence which it appears may be paid by the Trustee. The Trustee has

not been provided with copies of documents which support a perfected security interest to determine if the claimant has a perfected security interest. In addition, the Trustee has not been provided with a copy of the itemization of the pre-petition fees, costs and other charges, including any attorney's fees if applicable, which apply to this claim. If the documents, through a Proof of Claim, or in another manner are provided to the Trustee, this objection to confirmation may be resolved or rendered moot.

10.     There is a discrepancy between the average business income disclosed on Schedule I ($1,507.58) and business income reflected in the 2017 Beneficiary's Share of Income, Deductions, Credits, etc. ($2,155.00).

11.     The Trustee has not been provided with a copy of the filed Certification from the Debtor(s) that all applicable federal, state and local tax returns, as required, have been filed and served on the Chapter 13 Trustee.

12.     The Chapter 13 Trustee has not been served with a copy of a filed Certification stating that Debtor(s) is current with domestic support obligations.

13.     Pursuant to the Debtor(s)' Schedule J, it appears that the Debtor(s) has net disposable income of $38.02 per month, but the listed monthly Plan payment is $1,225.00. The Trustee is unclear how the Debtor(s) intends to fund the Plan.

14.     Part 4.4 of the Plan provides that the Debtor(s) has no domestic support obligations; however, Schedule E discloses a domestic support obligation owed to

the Florida Department of Revenue and Schedule J discloses ongoing support payments.

15.     It appears the vehicle pays out early and the funds are not dedicated to the Plan.

16.     The Debtor(s) proposes to pay the second mortgage claim in full through the Plan ($142,000.00 @ 4.75%); however, the Plan only provides for a total Plan base of $73,500.00.

17.     The Trustee objects to the following expense categories and accompanying excess expense amounts as exceeding the amount allowable on Form 122C-1 for either an above-median debtor, or as being reasonable and/or necessary for a Schedule "I" and Schedule "J" debtor.  The Trustee's objections may be rendered moot if the Debtor(s)' Plan is amended to pay all allowable unsecured claims in full:

Alimony, maintenance, and support in the amount of $1,300.00, as the Proof of Claim filed by State of Florida - Child Support Enforcement shows that the monthly child support due by the Debtor(s) is $1,097.00. Further the Debtor(s) proposes to pay back child support through the Plan.

**RESPECTFULLY SUBMITTED**.


/s/Leigh D. Hart or
/s/William J. Miller, Jr.
   OFFICE OF CHAPTER 13 TRUSTEE
   POST OFFICE BOX 646
   TALLAHASSEE, FL 32302
   ldhecf@earthlink.net
   (850) 681-2734 "Telephone"
   (850) 681-3920 "Facsimile"


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has

been furnished by the court's current CM/ECF notice of electronic filing or first

class mail to the persons/entities listed on the attached Exhibit A , on the same date

as reflected on the Court's docket as the electronic filing date for this document.


/s/Leigh D. Hart or
/s/William J. Miller, Jr.
   OFFICE OF CHAPTER 13 TRUSTEE

September 17, 2018

**EXHIBIT  A**

ROBERT B. ELLIS
P.O. BOX 611278
ROSEMARY BEACH, FL 32461

CHARLES M. WYNN, ATTY.
P.O. BOX 146
MARIANNA, FL 32447

U.S. DEPARTMENT OF JUSTICE
CHRISTOPHER P. CANOVA
UNITED STATES ATTORNEY
111 N. ADAMS STREET, 4TH FLOOR
TALLAHASSEE, FL 32301

U.S. DEPARTMENT OF JUSTICE
OFFICE OF THE U.S. ATTORNEY
KRISTEN A. FIORE,
ASSISTANT UNITED STATES ATTORNEY
21 EAST GARDEN ST., SUITE 400
PENSACOLA, FL 32502

U.S. DEPARTMENT OF JUSTICE
OFFICE OF THE U.S. ATTORNEY
KAREN K. WONG,
ASSISTANT UNITED STATES ATTORNEY
21 EAST GARDEN ST., SUITE 400
PENSACOLA, FL 32502

U.S. DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
950 PENNSYLVANIA AVE., N.W.
WASHINGTON, D.C. 20530

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
BANKRUPTCY SPECIALIST
400 W. BAY ST., M/S 5720
JACKSONVILLE, FL 32202

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
VALERIE JACKSON
BANKRUPTCY SPECIALIST
400 W. BAY ST., M/S 5730
JACKSONVILLE, FL 32202

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
P.O. BOX 7317
PHILADELPHIA, PA 19101-7346

U.S. DEPARTMENT OF THE TREASURY
STEVEN TERNER MNUCHIN
SECRETARY OF THE TREASURY
1500 PENNSYLVANIA AVE., N.W.
WASHINGTON, D.C. 20220

THE DEPARTMENT OF THE TREASURY
1500 PENNSYLVANIA AVE., N.W.
WASHINGTON, D.C. 20220